IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MIGUEL CARRERA, JR. and JASMINE NOL, individual and as Next Friend of A.C., a minor,<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:19cv36 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, ROBERT STEVENS, Individual Capacity, GUARD 1, Individual Capacity, GUARD 2, Individual Capacity,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S ORIGINAL ANSWER**

Defendant Texas Department of Criminal Justice (TDCJ) submits this Original Answer to Plaintiffs' Original Complaint. *See* ECF No. 1.

**ORIGINAL ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring Plaintiffs to meet their burden of proof, TDCJ hereby denies each and every allegation contained in Plaintiffs' Original Complaint, except those expressly admitted herein.

1. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 1.

2. TDCJ admits Plaintiffs bring suit against the warden and two guards in their individual capacity, but deny they subjected him to cruel and unusual

punishment as prohibited by the Eighth Amendment and Fourteenth Amendment of the United States Constitution. TDCJ admits Plaintiffs bring suit against TDCJ, UTMB, Warden Stevens, Guard 1 and Guard 2, but deny they violated Title II of the Americans with Disabilities act for subjecting him to cruel and unusual punishment as prohibited by the Eighth and Fourteenth Amendments.

3. TDCJ admits the Court has jurisdiction pursuant to 28 U.S.C. § 1331. TDCJ admits it is an agency of the State of Texas. TDCJ denies that sovereign immunity is abrogated. TDCJ admits venue is proper.

4. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 4.

5. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 5.

6. TDCJ admits it is a department of the State of Texas and that it was properly served with summons.

7. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 7.

8. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 8.

9. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 9.

10. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 10.

11. TDCJ denies the allegations in Paragraph 11.

12. TDCJ admits Plaintiffs notified in writing their intent to bring a claim for compensation. TDCJ denies the allegations contained within that notice. TDCJ is without information sufficient to admit or deny the remaining allegations in Paragraph 12.

13. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 13.

14. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 14.

15. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 15.

16. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 16.

17. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 17.

18. TDCJ is without information sufficient to admit or deny the allegations in Paragraph 18, or any allegations pertaining to UTMB.

19. TDCJ admits it has a suicide prevention plan.

20. TDCJ denies the allegations in Paragraph 20.

21. TDCJ denies the allegations in Paragraph 21.

22. TDCJ is unable to answer for Stevens, Guard 1, or Guard 2 in their individual capacities.

23. TDCJ is unable to answer for Stevens, Guard 1, or Guard 2 in their individual capacities.

24. TDCJ is unable to answer for Stevens, Guard 1, or Guard 2 in their individual capacities.

25. TDCJ is unable to answer for Stevens, Guard 1, or Guard 2 in their individual capacities.

26. TDCJ denies the allegations against it in Paragraph 26.

27. TDCJ denies the allegations against it in Paragraph 27.

28. TDCJ denies it is not entitled to Sovereign Immunity.

29. TDCJ is unable to admit or deny allegations against UTMB.

30. TDCJ denies the allegations contained in Paragraph 30 and its subsections.

31. TDCJ denies the allegations contained in Paragraph 31 and its subsections.

32. TDCJ denies the allegations contained in Paragraph 32 and its subsections.

33. TDCJ denies Plaintiff is entitled to punitive damages.

34. TDCJ denies Plaintiffs are entitled to damages sought in Paragraph 34 and its subsections.

## AFFIRMATIVE DEFENSES

35. Plaintiffs failed to state a claim for which relief can be granted under 42 U.S.C. § 12131 (the ADA and ADAAA), the Eighth Amendment, the Fourteenth Amendment, and under any other statute, constitutional theory, or legal theory.

36. TDCJ admits that a claim may be stated under 42 U.S.C. § 12131 (the ADA and ADAAA) under certain circumstances, but TDCJ denies that those circumstances are pleaded and present in this case.

37. TDCJ denies that Carrera was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

38. TDCJ denies that Plaintiffs are entitled to the relief demanded in the live complaint, and further denies that Plaintiffs are entitled to damages, attorneys' fees, or costs in any amount whatsoever.

39. TDCJ denies that Congress abrogated sovereign immunity for purposes of 42 U.S.C. § 12131 (the ADA and ADAAA).

40. TDCJ asserts that it is entitled to sovereign immunity from Plaintiffs' ADA and ADAAA claims.

41. TDCJ denies that it failed to provide reasonable accommodations to Carrera as alleged by Plaintiffs in their live complaint.

42. TDCJ denies that Carrera requested any accommodation, that Carrera knew or believed he needed any accommodation, or that TDCJ denied him a

reasonable accommodation pursuant to 42 U.S.C. § 12131 (the ADA and ADAAA).

43. The accommodations requested by Plaintiffs constitute fundamental alterations to TDCJ's policies, procedures, services, and/or facilities and do not constitute reasonable modifications.

44. The accommodations requested by Plaintiffs constitute an undue burden.

45. The accommodations requested by Plaintiffs would result in undue financial and administrative burdens on TDCJ.

46. TDCJ asserts that Carrera was not denied any benefits or services because of his alleged disabilities.

47. TDCJ asserts that Carrera was not denied any benefits or services solely because of his allegedly disabilities.

48. TDCJ asserts that Plaintiffs have failed to allege how its alleged actions also violated Carrera's constitutional rights.

49. TDCJ asserts the Plaintiffs Jasmine Nol and A.C. lack standing to bring suit.

## PRAYER

TDCJ urges this Court to deny the Plaintiffs any and all relief demanded in their complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Heather Rhea
**HEATHER RHEA**
Attorney-in-charge
Assistant Attorney General
Texas Bar No. 24085420

**JONATHAN M. PENA**
Assistant Attorney General
Texas Bar No. 24110207

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / (512) 936-2109 (Fax)

**ATTORNEYS FOR DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

## NOTICE OF ELECTRONIC FILING

I, **Heather Rhea**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing foregoing, on February 26, 2019, in the Eastern District of Texas, Marshall Division.

/s/ Heather Rhea
**HEATHER RHEA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Heather Rhea**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via the electronic case filing system of the United States District Court for the Eastern District of Texas, on February 26, 2019.

/s/ Heather Rhea
**HEATHER RHEA**
Assistant Attorney General