## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MIGUEL CARRERA, JR. and JASMINE NOL, individual and as Next Friend of A.C., a minor, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 2:19cv36 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, ROBERT STEVENS, Individual Capacity, GUARD 1, Individual Capacity, GUARD 2, Individual Capacity, Defendants. | § § § § § § § § § | |

### DEFENDANT STEVENS'S ORIGINAL ANSWER

Robert K. Stevens submits this Original Answer to Plaintiffs' Original Complaint. *See* ECF No. 1.

### ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring Plaintiffs to meet their burden of proof, Stevens hereby denies each and every allegation contained in Plaintiffs' Original Complaint, except those expressly admitted herein.

1. Stevens is without information sufficient to admit or deny the allegations in Paragraph 1.

2. Stevens admits Plaintiffs bring suit against him and two guards in their individual capacity, but denies he subjected Carrera to cruel and unusual

punishment as prohibited by the Eighth Amendment and Fourteenth Amendment of the United States Constitution. Stevens admits Plaintiffs bring suit against himself, TDCJ, UTMB, and Guard 1 and Guard 2, but denies they violated Title II of the Americans with Disabilities act by subjecting Carrera to cruel and unusual punishment as prohibited by the Eighth and Fourteenth Amendments.

3.     Stevens denies the Court has jurisdiction over claims brought by Plaintiffs Nol and A.C. Stevens admits venue is proper.

4.     Stevens is without information sufficient to admit or deny the allegations in Paragraph 4.

5.     Stevens is without information sufficient to admit or deny the allegations in Paragraph 5.

6.     Stevens admits TDCJ is a department of the State of Texas.

7.     Stevens admits he was the warden of the Skyview Unit and that he was properly served.

8.     Stevens is without information sufficient to admit or deny the allegations in Paragraph 8.

9.     Stevens is without information sufficient to admit or deny the allegations in Paragraph 9.

10.    Stevens is without information sufficient to admit or deny the allegations in Paragraph 10.

11.    Stevens denies the allegations in Paragraph 11.

12. Stevens admits Plaintiffs notified in writing their intent to bring a claim for compensation. Stevens denies the allegations contained within that notice. Stevens is without information sufficient to admit or deny the remaining allegations in Paragraph 12.

13. Stevens is without information sufficient to admit or deny the allegations in Paragraph 13.

14. Stevens is without information sufficient to admit or deny the allegations in Paragraph 14.

15. Stevens is without information sufficient to admit or deny the allegations in Paragraph 15.

16. Stevens is without information sufficient to admit or deny the allegations in Paragraph 16.

17. Stevens is without information sufficient to admit or deny the allegations in Paragraph 17.

18. Stevens is without information sufficient to admit or deny the allegations in Paragraph 18, or any allegations pertaining to UTMB.

19. Stevens admits TDCJ has a suicide prevention plan.

20. Stevens denies the allegations in Paragraph 20.

21. Stevens denies the allegations in Paragraph 21.

22. Stevens denies the allegations in Paragraph 22.

23. Stevens denies the allegations in Paragraph 23.

24. Stevens denies the allegations in Paragraph 24.

25. Stevens denies he is not entitled to qualified immunity and the allegations contained within Paragraph 25.

26. Stevens, in his individual capacity, is unable to admit or deny allegations against TDCJ and UTMB.

27. Stevens, in his individual capacity, is unable to admit or deny allegations against TDCJ and UTMB.

28. Stevens, in his individual capacity, is unable to admit or deny allegations against TDCJ and UTMB.

29. Stevens, in his individual capacity, is unable to admit or deny allegations against TDCJ and UTMB.

30. Stevens denies the allegations contained in Paragraph 30 and its subsections.

31. Stevens denies the allegations contained in Paragraph 31 and its subsections.

32. Stevens denies the allegations contained in Paragraph 32 and its subsections.

33. Stevens denies Plaintiff is entitled to punitive damages.

34. Stevens denies Plaintiffs are entitled to damages sought in Paragraph 34 and its subsections.

### AFFIRMATIVE DEFENSES

35. Plaintiffs failed to state a claim for which relief can be granted under 42 U.S.C. § 12131 (the ADA and ADAAA), the Eighth Amendment, the Fourteenth Amendment, and under any other statute, constitutional theory, or legal theory.

36.   Stevens denies that Carrera was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

37.   Stevens denies that Plaintiffs are entitled to the relief demanded in the live complaint, and further denies that Plaintiffs are entitled to damages, attorneys' fees, or costs in any amount whatsoever.

38.   Stevens denies that Congress abrogated sovereign immunity for purposes of 42 U.S.C. § 12131 (the ADA and ADAAA).

39.   Stevens denies that it failed to provide reasonable accommodations to Carrera as alleged by Plaintiffs in their live complaint.

40.   Stevens denies that Carrera requested any accommodation, that Carrera knew or believed he needed any accommodation, or that TDCJ denied him a reasonable accommodation pursuant to 42 U.S.C. § 12131 (the ADA and ADAAA).

41.   The accommodations requested by Plaintiffs constitute fundamental alterations to TDCJ's policies, procedures, services, and/or facilities and do not constitute reasonable modifications.

42.   The accommodations requested by Plaintiffs constitute an undue burden.

43.   The accommodations requested by Plaintiffs would result in undue financial and administrative burdens on TDCJ.

44.   Stevens asserts that Carrera was not denied any benefits or services because of his alleged disabilities.

45.   Stevens asserts that Carrera was not denied any benefits or services solely because of his allegedly disabilities.

46.   Stevens asserts that Plaintiffs have failed to allege how its alleged actions also violated Carrera's constitutional rights.

47.   Stevens asserts the Plaintiffs Jasmine Nol and A.C. lack standing to bring suit.

48.   Stevens asserts his entitlement to qualified immunity and Eleventh Amendment immunities, for claims brought against him in his individual and official capacities.

**PRAYER**

Stevens urges this Court to deny the Plaintiffs any and all relief demanded in their complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. McCARTY**
Deputy Attorney General for Civil
Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense
Division

/s/ Heather Rhea
**HEATHER RHEA**
Attorney-in-charge
Assistant Attorney General
Texas Bar No. 24085420

**JONATHAN M. PENA**
Assistant Attorney General
Texas Bar No. 24110207

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / (512) 936-2109 (Fax)

**ATTORNEYS FOR DEFENDANT TEXAS
DEPARTMENT OF CRIMINAL JUSTICE**

## NOTICE OF ELECTRONIC FILING

I, **Heather Rhea**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing foregoing, on March 18, 2019, in the Eastern District of Texas, Marshall Division.

/s/ Heather Rhea
**HEATHER RHEA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Heather Rhea**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via the electronic case filing system of the United States District Court for the Eastern District of Texas, on March 18, 2019.

/s/ Heather Rhea
**HEATHER RHEA**
Assistant Attorney General